IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF AMERICAN CAMPUS COMMUNITIES, INC.<br>*Plaintiff,* | §<br>§<br>§<br>§<br>§<br>§ | |
| VS. | § | CIV. ACTION NO. 1:23-cv-1232 |
| PYE-BARKER FIRE & SAFETY, LLC<br>*Defendant.* | §<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF AMERICAN CAMPUS COMMUNITIES, INC., Plaintiff herein, and files this Original Complaint against Defendant, PYE-BARKER FIRE & SAFETY, LLC, alleging as follows:

## I. PARTIES

1. Plaintiff, LEXINGTON INSURANCE COMPANY ("Plaintiff"), is an eligible surplus lines carrier incorporated in the state of Delaware, with its principal place of business in the Commonwealth of Massachusetts. It is, therefore, a citizen of Delaware and Massachusetts.

2. Defendant PYE-BARKER FIRE & SAFETY, LLC ("PBFS") is a limited liability company organized in the state of South Carolina and with its principal place of business in the state of Georgia. Its CEO Barton Proctor is the only member, and he is a citizen of

the state of Florida. Therefore, PBFS is a citizen of the state of Florida for purposes of diversity jurisdiction.

## II. JURISDICTION

3. This court has jurisdiction over this cause under 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. The Western District of Texas, Austin Division, has proper jurisdiction because the events made the basis of this suit occurred within the Austin Division. This court further has jurisdiction over PBFS because it maintains an office in San Antonio, and performed work on the property in question.

## III. FACTUAL BACKGROUND

4. At all times relevant to this claim, Plaintiff provided commercial property insurance to American Campus Communities, Inc. ("ACCI"), including the apartment complex known as Sanctuary Lofts, located at 350 North Street, San Marcos, TX 78666 ("the Property"). Due to the damages the Property sustained as a result of the incident made the basis of this suit, ACCI submitted a first-party insurance claim for its damages to Plaintiff. Pursuant to the terms of the policy as ACCI's insurer, Plaintiff made payments to ACCI for the covered loss. Consequently, Plaintiff obtained equitable and contractual rights of subrogation for those claims and damages. Plaintiff brings this claim as the subrogee of ACCI and seeks to recover damages, including ACCI's deductible, from Defendant. Plaintiff's attempt to recover the deductible is part of the insuring agreement.

5. On January 3rd, 2022, at approximately 6:35 a.m., fire alarms went off on the fourth floor of the Property in Building 1. A fire suppression supply line in a common hall area

outside apartment #1421 caused water damage to multiple common halls; 31 apartments; entry halls; kitchens; and living areas within the Property. There was no fire; a supply line in the attic had failed, causing the water discharge.

6. Prior to the loss, Defendant PBFS was hired as the fire suppression contractor for the Property. PBFS conducted inspections and performed maintenance and repairs on the Property, at least since 2019. In June of 2021, Defendant repaired a 2-inch leak in the supply pipe outside of apartment #1421. Defendant failed to properly repair the leak, as this is the same location as the leak made the basis of this suit. In July 2021, Defendant performed an inspection of the fire suppression system, including work in the attic. Defendant improperly inspected the pipes of the system located in the attic, and/or failed to warn ACCI that the pipes in the attic were not properly insulated or tented to prevent thermal expansion and contraction. Weather data indicates that the temperature was approximately 24°F at 6:00 a.m. on the date of the incident. Defendant's failure to properly inspect and/or warn ACCI that the attic pipes were not adequately insulated or tented, and/or its failure to properly repair the June 2021 leak proximately caused the failure of the supply line and resulting discharge of water.

## IV. CAUSES OF ACTION

### (1) NEGLIGENCE

7. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

8. Defendant owed a duty to ACCI to properly repair the supply line located outside of apartment #1421. Defendant reasonably should have known that an improper repair

could lead to an expected discharge of water in the system. Defendant breached this duty owed to ACCI, proximately causing the water loss and resulting damages to the Property. But for Defendant's negligence, ACCI would not have sustained the damages to the Property, and Plaintiff would not have paid the damages to which it is now subrogated.

9.      Defendant further owed a duty to ACCI to properly inspect the fire suppression system installed at the Property. Defendant owed a duty to ACCI to warn ACCI of any dangers in the fire suppression system in the Property, including the lack of proper insulation/tenting for the piping in the attic. ACCI relied upon Defendant's expertise in this area, as the knowledge required is outside of the common knowledge for a normal property owner. Defendant reasonably should have determined in its inspection of the system that the attic pipes were not properly insulated or tented. Defendant knew or should have known that the failure to adequately insulate/tent the attic pipes could lead to thermal expansion/contraction. Defendant failed to warn ACCI that the attic piping was not properly insulated or tented, and that this condition could lead to failure in the system. Defendant breached these duties owed to ACCI, proximately causing the water loss and resulting damages to the Property. But for Defendant's negligence, ACCI would not have sustained the damages to the Property, and Plaintiff would not have paid the damages to which it is now subrogated.

## (2) BREACH OF IMPLIED WARRANTY

10.     Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

11. Defendant had a duty to comply with the implied warranty to perform the maintenance and repairs in a good and workmanlike manner. *Nghiem v. Sajib*, 567 S.W.3d 718, 723 (Tex. 2019). Defendant breached that warranty, which is the proximate and producing cause of the damages sustained to the Property.

## V. JURY DEMAND

12. Plaintiff demands a jury trial.

## VI. CONDITIONS PRECEDENT

13. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## VII. DAMAGES

14. As a direct and proximate result of the negligence of Defendant and the events and conditions subject of this lawsuit, ACCI suffered property damages of at least $225,000.00. Plaintiff brings ACCI's entire claim for damages in Plaintiff's name as subrogee of ACCI. Further, as a result of the breach of implied warranty, Plaintiff is entitled to attorney's fees.

## IX. PRAYER

WHEREFORE, Plaintiff prays that upon trial of this cause judgment be rendered against Defendant in favor of Plaintiff for damages suffered of at least $225,000.00, plus pre-judgment and post-judgment interest at the applicable rates, for costs of Court, and for such other and further relief, both general and special, at law or in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**KELLY, SMITH & SCHMIDT, P.C.**

*/s/ Laura D. Schmidt*
Laura D. Schmidt
State Bar No. 22142300
schmidt@kellysmithpc.com
Charles T. Kelly
State Bar No. 11216840
kelly@kellysmithpc.com
12621 Featherwood Dr., Ste. 150
Houston, Texas 77034
(713)861-9900 Telephone
(713)861-7100 Facsimile

**COUNSEL FOR PLAINTIFF, LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF AMERICAN CAMPUS COMMUNITIES, INC.**